UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY S. WEAKLEY, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-992-JD-JEM |
| S. ROARK, et al., | |
| Defendants. | |

OPINION AND ORDER

Timothy S. Weakley, Sr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Weakley alleges that, in 2019, he lost his job with ICI Industries. He does not indicate why he lost his job, but he contends that he was a good worker and believes he should have been rehired. He has sued S. Roark (who allegedly has a personal vendetta against him), ICI Industries, and Superintendent W. Hyatte.

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend.

XIV, § 1. But to state a claim for a denial of due process, Weakley must first establish that he was denied a protected liberty or property interest. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). A job loss does not implicate a liberty or property interest protected by the due process clause. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated in part on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). Therefore, neither the loss of a job nor the decision not to rehire someone who lost their job can form the basis of a due process claim.

This complaint does not state a claim for which relief can be granted. If Weakley believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Timothy S. Weakley, Sr. until **April 25, 2024**, to file an amended complaint; and

(2) CAUTIONS Timothy S. Weakley, Sr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 26, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT