UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY S. WEAKLEY, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-992-JD-JEM |
| S. ROARK, et al., | |
| Defendants. | |

OPINION AND ORDER

Timothy S. Weakley, Sr., a prisoner without a lawyer, filed an amended complaint. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Weakley's amended complaint alleges essentially the same facts as his earlier complaint. ECF 1. In 2019, he was terminated from his prison job after S. Roark completed a negative evaluation that Weakley claims is false. He has sued S. Roark, ICI Industries, Warden Classification Supervisor, and Superintendent W. Hyatte.

The court has already explained to Weakley that the loss of his job does not violate the Due Process Clause. ECF 7. The Fourteenth Amendment provides state

officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. But to state a claim for a denial of due process, Weakley must first establish that he was denied a protected liberty or property interest. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). A job loss does not implicate a liberty or property interest protected by the due process clause. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated in part on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). Therefore, the loss of a job cannot form the basis of a due process claim. Moreover, to the extent that Weakley might be alleging an equal protection claim or a First Amendment retaliation claim, he has not alleged facts supporting either.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A.

SO ORDERED on June 7, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

2